[No. 11266.  Department Two. — May 29, 1888.]

# R. C. AMES, RESPONDENT, v. CITY AND COUNTY OF SAN FRANCISCO, APPELLANT.

PUBLIC OFFICERS — GAS INSPECTOR OF SAN FRANCISCO — SALARY WHEN BECOMES PAYABLE — PRESENTATION FOR ALLOWANCE. — Under section 90 of the consolidation act of the city and county of San Francisco, and the act of March 4, 1878, the salary of the gas inspector of the city and county becomes due and payable monthly, at the end of each month of his term of office; and unless his claim for such monthly salary be presented to the board of supervisors for allowance within the time limited by section 90 of the consolidation act, it becomes barred, and thereafter cannot be paid from the treasury.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*George Flournoy, Jr.,* for Appellant.

*Rhodes Borden,* for Respondent.

THORNTON, J. — Action to recover salary due plaintiff as gas inspector of the city and county of San Francisco for a period extending from the 7th of September, 1884, to the 20th of November, inclusive.

Judgment was rendered for plaintiff, and defendant appeals.

In the view we take of this case it is only requisite to pass on the points hereinafter considered, and therefore we say nothing as to the other points presented by counsel for the defendant.

It is contended that plaintiff cannot recover because his claim was not properly presented for payment, as it was never presented to the auditor for allowance, and it is also contended that his right of action is barred by section 90 of the consolidation act.

It may be conceded that it was not necessary for

plaintiff to present his claim to the auditor of the city and county for allowance. The statute authorizing the appointment of gas inspector provides that "such gas inspector shall be entitled to a salary to be paid and allowed by said board." (See act of March 4, 1878, Stats. 1877–78, p. 168.) The board here mentioned is the board of supervisors of the city and county. By that board the allowance is to be made. As the claim is to be allowed by the board, we say it may be conceded that the board was the auditing tribunal, and therefore it was not necessary for plaintiff to present his claim to the auditor to be *allowed* or audited by that officer.

We proceed to consider the point made on section 90 of the consolidation act. That section is as follows:—

" Sec. 90. The salaries, fees, and compensation of all officers, including policemen and employees of all classes, and all teachers in common schools, or others, employed at fixed wages, shall be payable monthly; and any demand whatsoever upon the treasury, hereafter accruing, shall not be paid, but shall be forever barred by limitation of time, unless the same be presented for payment, properly audited, within one month after such demand became due and payable; or, if it be a demand which has to be passed and approved by the board of supervisors or board of education, then within one month after the regular session of the proper board, held next after the demand accrued, or unless the board of supervisors shall, within six months after the demand accrued as aforesaid, on a careful investigation of the facts, certify that the same is in all respects just and legal, and that the presentation of it, as above required, was not in the power either of the original party interested or his agent, or the present holder, in which case it shall be barred in the same manner, unless presented for payment within twenty days thereafter."

The salary of gas inspector is to be paid monthly. It is so provided by the statute authorizing his appoint-

ment (see act of 4th of March, 1878, Stats. 1877–78, p. 168), and by the section of the consolidation act above quoted. This salary is then due and payable at the end of each month of the gas inspector's term of office.

The claim of plaintiff was never at any time presented for allowances to the board of supervisors. If the board of supervisors was the auditing tribunal, it was never at any time presented to the board to be audited. As said above, the salary was due and payable at the end of each month of plaintiff's term of office, and it appearing that it was never presented for audit at all, it follows that it was not and could not be presented for payment, *properly audited*, within one month after it became due and payable at the close of each month.

If the provision in section 90 that a demand on the treasury of the city shall not be paid, but shall be forever barred by limitation of time, "unless the same be presented for payment, properly audited, within one month after such demand became due and payable," is not applicable, it must then come under that portion of section 90 which immediately follows the provision just referred to; under either portion of the section we think the claim of plaintiff was barred when this action was begun, and no recovery should be had on it. It is barred by the last portion of the section because it was never presented to the board of supervisors to be passed or approved.

The judgment must be reversed and cause remanded, and it is so ordered.

McFARLAND, J., and SHARPSTEIN, J., concurred.

Hearing in Bank denied.