[Civ. No. 6424. Second Appellate District, Division Two.—October 27, 1930.]

FIRST NATIONAL BANK OF MONTEREY PARK (a Corporation), Respondent, v. CITY OF WHITTIER (a Municipal Corporation), Appellant.

Arthur G. Wray for Appellant.

Cruickshank, Brooke & Evans for Respondent.

SCHMIDT, J., *pro tem.*—On March 30, 1925, appellant, City of Whittier, a city of the sixth class, entered into a contract with Erdman Company for the construction of a cement culvert at an agreed consideration of $2,214.61. Afterward, on April 30, 1925, the Erdman Company in writing assigned and transferred to respondent, First National Bank of Monterey Park, all its interest in and to said contract. On May 1, 1925, respondent sent said assignment to the city clerk, who indorsed upon it the following: "Contract dated 3/30/25 and assignment dated 4/30/25 on file in the office of the city clerk of the City of Whittier. Paul Gilmore, city clerk. Seal." Thereafter the Erdman Company completed the work and on June 8, 1925, in spite of its assignment to respondent, filed with the city clerk a claim and demand in writing for $1494.86, the balance due on the said written contract of March 30, 1925. On June 10, 1925, the claim of the Erdman Company was allowed by the city council of Whittier in the sum named, $1494.86, and a warrant was drawn and delivered to the company for its payment. The treasurer's check issued thereon was cashed by the Erdman Company through the respondent bank. Almost two years after the work had been completed under the contract and the warrant for $1494.86 had been paid to the Erdman Company, namely, on the twenty-fourth of May, 1927, respondent, claiming under the assignment, presented to and filed with the city clerk of the City of Whittier its claim and demand for the said sum of $1494.86. The claim was disallowed and rejected by the city council, whereupon suit was instituted in the lower court. The facts were stipulated to as hereinbefore set forth. From a judgment of the lower court in favor of the respondent bank the City of Whittier has appealed to this court.

The sole question for consideration is the effect of ordinance No. 17 of the City of Whittier in force during all of the time involved herein. Section 2 thereof provides: "The board of trustees must not hear or consider any claim in favor of any public officer, person, corporation, company or association against the city, nor shall the board credit or allow any claim or bill against the city, unless the same be itemized . . . and is presented and filed with the clerk of the board within a year after the last item of the account

or claim accrued.'' Concerning this section respondent in its brief says: ''We desire to state at this point that we do not question the validity or constitutionality of such section nor do we question the public policy behind its adoption'', but contends that the section applies only to unliquidated damages and not to a contractual obligation. With this viewpoint we cannot agree.

Similar statutes of limitations as found in city charters have received repeated construction from our higher courts, it being held that as a condition precedent to filing suit claim must be presented within the time fixed in the charter provision. In *Ames* v. *City and County of San Francisco*, 76 Cal. 325 [18 Pac. 397], it was held that in an action to recover a salary due a gas inspector under Consolidation Act of City and County of San Francisco, of March 4, 1878, the salary became due and payable monthly at the end of each month of the applicant's term of office, and that unless the claim for such monthly salary be presented to the board of supervisors for allowance within the time limited by section 90 of the act (30 days), it becomes barred and thereafter cannot be paid from the treasury. (See, also, *Continental Ins. Co.* v. *City of Los Angeles*, 92 Cal. App. 585 [268 Pac. 920], and *Crescent Wharf & Warehouse Co.* v. *City of Los Angeles*, 207 Cal. 430 [278 Pac. 1028].)

In view of the conclusion reached it is unnecessary to consider any other question presented.

Judgment reversed with directions to the lower court to enter judgment in favor of appellant.

Works, P. J., and Craig, J., concurred.